**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MILLENNIUM MEDICAL**
**MANAGEMENT, LLC,**

                    **Plaintiff,**

-vs-                                         Case No. 6:12-cv-663-Orl-31DAB

**LING LI,**

                    **Defendant.**

_____

## ORDER

This cause comes before the Court on a Motion to Remand (Doc. 7) filed by Plaintiff, Millennium Medical Management, LLC ("MMM"); and a Response (Doc. 13) filed by Defendant, Ling Li ("Li"). For the reasons stated herein, the Motion will be granted.

**I. Background**

This case arises out of a contract dispute between the parties. On June 15, 2011, Li, a medical doctor, entered into a "physician employment agreement" with MMM. This agreement required Li to "remain employed by [MMM] for a minimum of two (2) years or [Li] will pay [MMM] (immediately upon termination) a pro rata share of [her] annual base salary guarantee[d] to be paid to [Li] over the term of this agreement." (Doc. 2, ¶ 7). The Complaint alleges that Li breached the agreement by failing to remain employed for the required two years and, as a result, is required by the Agreement to pay MMM more than $750,000.00 in liquidated damages.

On March 27, 2012, MMM filed this breach of contract action in the Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida. On May 2, 2012, Li removed the

case to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a). MMM now moves to remand the case based solely on the forum selection clause in the Agreement which reads, in relevant part, "Venue shall be in Brevard County, Florida." (Doc. 7, ¶ 2).

**II. Standard**

Unlike state courts, lower federal courts are courts of limited jurisdiction: "They possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. (4 Dall.) 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

For diversity jurisdiction to exist, no defendant may be a citizen of the same state as any plaintiff. *See* U.S. CONST. art. III, § 2; 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled on other grounds*, *Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. 497, 555 (1844). Furthermore, removal statutes are to be construed narrowly, and where the parties clash about jurisdiction, uncertainties are to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. Of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Construction of a forum selection clause is a matter of federal common law. *P & S Bus. Machs., Inc. v. Canon USA, Inc.,* 331 F.3d 804, 807 (11th Cir. 2003). Under federal common law, forum selection clauses are to be interpreted by reference to "ordinary contract principles" and are

presumptively valid absent some evidence of inequitable conduct. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1261 (11th Cir.1999). *See also Rucker v. Oasis Legal Finance, LLC*, 632 F.3d 1231, 1236 (11th Cir. 2011) (quoting *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009)). Thus, a forum selection clause will only "be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Slater v. Energy Servs. Group Int'l, Inc.*, 634 F.3d 1326, 1331 (11th Cir. 2011) (quoting *Krenkel*, 579 F.3d at 1281). The burden is on the party resisting the enforcement of a forum selection clause to establish fraud or inequitable conduct sufficient to bar enforcement of the clause. *Rucker*, 632 F.3d at 1236.

Further, a forum selection clause may be either "mandatory" or "permissive" in nature. *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004). One hallmark of a mandatory clause is the use of the imperative term "shall," which prescribes a "requirement." *Slater*, 634 F.3d at 1330 (citing *Global Satellite*, 378 F.3d at 1272).

### III. Analysis

This case is factually identical to a recent unpublished Eleventh Circuit case. *Cornett v. Carrithers*, No. 11-14212, 2012 WL 687011 (11th Cir. March 2, 2012) (forum selection clause stated "venue shall be Suwannee County, Florida"). In *Cornett*, the court held that a mandatory forum selection clause precludes removal where the parties select a venue in which there is no federal court. *See Id.* at *2 ("because the only court situated in Suwannee County, Florida is the Circuit Court for the Third Judicial Circuit, the . . . forum selection clause did in fact designate that court as the particular forum in which the parties must bring suit. By the same token, removal of

the action to the United States District Court for the Middle District of Florida, Jacksonville Division, located outside of Suwannee County, Florida, would not satisfy the venue requirement."). In this case, the forum selection clause was mandatory and the parties selected Brevard County, Florida. Although Brevard County is within the Middle District of Florida, there is no federal court located in Brevard County. As such, the instant forum selection clause requires that this case be brought only in the Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida.

Defendant cites to *Links Design Inc. v. Lahr*, in which this Court held that a similar forum selection clause did not constitute a clear and unambiguous waiver of the Defendant's right to remove. 731 F. Supp. 1535, 1536 (M.D. Fla. 1990).[1] More recently, in *Ahern v. Fidelity Nat'l Title Ins. Co.*, this Court held that a clause which read "any legal action brought on this Agreement shall be brought in the appropriate forum in Osceola County, Florida" was permissive and thus, did not preclude removal. 664 F. Supp. 2d 1224 (M.D. 2009).[2] Amongst the relevant cases however, *Cornett* is most persuasive.[3] Defendant's remaining arguments are without merit. It is therefore,

---

[1] As the court noted in *Cornett*, "[a] district court is not bound by another district court's decision, or even an opinion by another judge of the same district court, but a district court in this [C]ircuit is bound by this [C]ourt's decisions." *Cornett*, 2012 WL 687011 at *2 (quoting *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991)).

[2] *Ahern* is distinguishable because it involved contracts to purchase condominium units by twenty-two Plaintiffs each of whom claimed causes of action for fraud, breach of fiduciary duty, and securities fraud. As such, there were equitable concerns presented in that case that are not at issue here. Further, the language "the appropriate forum in Osceola County, Florida" is materially different.

[3] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."); Borden v. Allen, 646 F.3d 785, 808 n. 27 (11th Cir. 2011).

**ORDERED** that Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**. This matter is **REMANDED** to the Eighteenth Judicial Circuit in and for Brevard County, Florida, with each party to bear their own fees and costs.  All pending motions are **DENIED** as **MOOT**. The Clerk of the Court is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 29, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

                                                                    _____
                                                                    **GREGORY A. PRESNELL**
                                                                    **UNITED STATES DISTRICT JUDGE**